Filed 3/25/14  In re Alejandro R. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ALEJANDRO R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F067896 |
| Plaintiff and Respondent, | (Super. Ct. No. 13CEJ600526-1) |
| v. | |
| ALEJANDRO R., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P.J., Gomes, J., and Franson, J.

The court adjudged appellant, Alejandro R., a ward of the court (Welf. & Inst. Code, § 602) after it sustained allegations charging him with robbery (Pen. Code, § 211),[1] resisting arrest (§ 148, subd. (a)(1)), and a gang enhancement (§ 186.22, subd. (b)(1)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On June 11, 2013, at approximately 5:50 p.m., 15-year-old C.B. was walking home from school in Reedley when appellant and another male juvenile rode up behind him on bicycles and appellant said, "What's up ene?"[2] Appellant's companion stopped behind C.B. as appellant got off his bicycle and stated, "I like that necklace, let me have it." C.B. asked, "Why?" Appellant replied, "I ain't messing around, take it off." After C.B. handed appellant the necklace, appellant told C.B. to give him the white Nike shoes C.B. was wearing and C.B. complied. Appellant and the other male then rode away on their bikes. As appellant rode off he yelled, "Norte."

C.B. was scared during the encounter with appellant because appellant lifted his shirt as if he was concealing a gun or knife and he threatened to "get down" with C.B., which C.B. understood to mean that appellant would fight C.B. Additionally, a few months earlier appellant told C.B. he had a gun and threatened to kill C.B.'s brother with it.[3]

On June 12, 2013, Reedley Police Officer Robert Macedo arrested appellant at his house. When Officer Macedo attempted to handcuff him, appellant resisted the officer as

---

[1] All further statutory references to the Penal Code unless otherwise indicated.

[2] According to C.B. "ene" is a slang reference for a Norteño gang member.

[3] At appellant's jurisdictional hearing, Fresno County Sheriff's Deputy James Lyman testified as a gang expert that appellant was a documented gang member and that he committed the robbery of C.B. for the benefit of his gang.

he attempted to grab appellant's hands. When Officer Macedo and an officer who arrived on the scene attempted to patsearch appellant for weapons, appellant lunged head first at the other officer, causing both of them to fall to the ground.

On July 2, 2013, the district attorney filed an amended petition charging appellant with robbery (count 1) and resisting arrest (count 2) and a gang enhancement in count 1.

On July 3, 2013, following a contested jurisdictional hearing, the court sustained all the allegations in the petition.

On July 24, 2013, the court placed appellant on probation until January 24, 2015, set his maximum term of confinement at 15 years 4 months, and committed him to the New Horizons Program for a maximum period of 365 days.

Appellant's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.